UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Endurance Warranty Services, LLC,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| **Endurance Home Warranty LLC,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Endurance Warranty Services, LLC ("Plaintiff"), by its attorneys, states as follows for its Complaint against Endurance Home Warranty, LLC ("Defendant"):

### Nature of the Action

1. This is an action for (1) trademark infringement under 15 U.S.C. § 1114; (2) false designation of origin under 15 U.S.C. § 1125(a), (3) cybersquatting under 15 U.S.C. § 1125(d); (4) violation of the Illinois Deceptive Trade Practices Act (815 ILCS 510 *et seq.*), and (5) unfair competition under Illinois common law.

### Jurisdiction and Venue

2. Jurisdiction over the parties and subject matter of this action is proper in this Court in accordance with 15 U.S.C. § 1121 (actions arising under the Lanham Act); 28 U.S.C. § 1331 (actions arising under the laws of the United States); and § 1338(a) (actions arising under an Act of Congress relating to trademarks).

3. This court has supplemental jurisdiction over the state common law claims in accordance with 28 U.S.C. § 1367(a) because this state law claim is so closely related to the federal claims in the action that they form part of the same case or controversy.

4. This Court has personal jurisdiction over Defendant because it does business, in the State of Illinois.

5. For example, Defendant purposefully directs its activities into the state of Illinois by publishing an interactive website (found at <endurancehomewarranty.com>) into Illinois that contains a dropdown menu that includes the state of Illinois as a choice for prospective customers of Defendant to use. On information and belief, Defendant provides its services to residents of the state of Illinois.

6. Venue is proper in this judicial district because it satisfies the requirements of 28 U.S.C. §§ 1391(b)–(c) as a substantial part of the events giving rise to the claims occurred in this district, and Defendant resides in this judicial district.

## Parties

7. Plaintiff is an Illinois limited liability company with its principal place of business in Northbrook, Illinois. Plaintiff sells extended warranties on motor vehicles, and intends to expand its offerings to the issuance of home warranties, including underwriting extended warranty contracts in the field of homes and appliances.

8. Defendant is a Delaware limited liability company. On information and belief, Defendant's principal place of business is located in Wilmington, Delaware. Defendant sells home warranties.

## Plaintiff's Valid and Protectable Rights in its Trademark

9. Since at least as early as May 2006, Plaintiff has used the word mark ENDURANCE in interstate commerce in connection with providing extended warranties on motor vehicles. Plaintiff has used this mark continuously throughout the United States to market,

promote, advertise, and provide its goods and services, and has invested substantial resources and effort to advance its business.

10. As a result of Plaintiff's substantial monetary investments and efforts, the consuming public has developed a strong understanding that Plaintiff is the source of the goods and services marketed under the mark ENDURANCE. Accordingly, Plaintiff enjoys great strength in its ENDURANCE mark.

11. Plaintiff has obtained a registration certificate with the United States Patent and Trademark Office ("USPTO") for its word mark ENDURANCE as follows:

| ENDURANCE | Reg. No. 4,781,129: Registered July 28, 201 for "providing extended warranties on motor vehicles" |
|---|---|

12. Plaintiff has filed an intent to use application with the USPTO for its word mark ENDURANCE as follows:

| ENDURANCE | Serial No. 4,781,129: Filed June 1, 2018 for "issuing home warranties, namely, underwriting extended warranty contracts in the field of homes and appliances" |
|---|---|

13. Plaintiff's trademark registration and application set forth in the preceding paragraphs are valid and subsisting.

14. Plaintiff promotes its services through its website found at <endurancewarranty.com>.

**Defendant Infringes on Plaintiff's marks**

15. Defendant has adopted and uses the mark ENDURANCE in connection with its provision of home warranty services.

3

16. Defendant has used ENDURANCE as a trademark without Plaintiff's consent or authorization, and this mark is confusingly similar to Plaintiff's marks.

17. On information and belief, Defendant began using the ENDURANCE mark in 2017. Defendant organized as an entity in Delaware on June 29, 2017, and registered the domain name <endurancehomewarranty.com>, which Defendant uses to market and promote its services, on June 30, 2017.

18. Accordingly, Plaintiff's use of Plaintiff's marks has priority over Defendant's use of the mark ENDURANCE.

19. The sound, appearance, and connotation of the parties' respective marks are similar.

20. The nature of the services provided under the respective marks are identical inasmuch as they both pertain to warranty services provided to consumers.

21. The channels of trade in which the parties' goods and services are provided substantially overlap.

22. Other relevant factors weigh in favor of a finding of likelihood of confusion.

23. Defendant registered the domain name <endurancehomewarranty.com >, which it uses to publish a website bearing the ENDURANCE mark, to advertise its goods and services. Plaintiff's registered trademark ENDURANCE appears verbatim in the domain name. The remaining portions of the domain name are comprised of generic words ("home" and "warranty"), and the ".com" generic top-level domain, which serves only a technical function to take users to the website and does not distinguish the domain name from Plaintiff's marks.

24. Accordingly, the domain name <endurancehomewarranty.com> is identical or confusingly similar to Plaintiff's marks.

25. Long before Defendant registered its domain name, Plaintiff's marks identified the source of Plaintiff's goods and services to the consuming public.

26. Defendant registered and has used the domain name <endurancehomewarranty.com> willfully and with bad faith to profit from Plaintiff's marks. By using the ENDURANCE mark as the essential portion of the domain name, Defendant is, among other things, showing its intent to divert consumers away from Plaintiff's website—<endurancewarranty.com >—and toward its own website.

27. When internet users see the mark ENDURANCE in the domain name used for Defendant's website, they are confused as to the source, sponsorship, affiliation or endorsement of the site. Defendant has no reason to use the mark ENDURANCE in the domain name other than to prey upon the goodwill that Plaintiff enjoys in its ENDURANCE mark, which Plaintiff has cultivated over the years at great expense. Defendant's continued use of ENDURANCE in its domain name will inflict further harm to the valuable goodwill that Plaintiff has developed in its trademark.

28. Based on Defendant's selection of a mark that is so similar to Plaintiff's marks, Defendant intended to deceive the consuming public into believing there is some association, or affiliation between the parties, when in fact there is none.

29. Defendant has used the ENDURANCE mark to market, promote, and advertise its goods and services to the consuming public in a marketplace that overlaps with the marketplace served by Plaintiff, namely, Illinois.

30. On June 13, 2018, Plaintiff sent a letter to Defendant explaining that Plaintiff was aware that Defendant was infringing on Plaintiffs mark by advertising for warranties under a

company name, trademark, and website that consists of the ENDURANCE mark. Letter dated June 13, 2018, attached as **Exhibit 1**.

31. In this letter, Plaintiff notified Defendant of Plaintiff's trademark registration, Plaintiff's business that is associated with this mark, and Defendant's unauthorized use of the mark. *Id.*

32. Plaintiff also demanded that Defendant cease using Plaintiff's mark in Defendants business. *Id.*

33. Notwithstanding this letter, Defendant continues to use the ENDURANCE mark in its business.

## COUNT I
### (Trademark Infringement under 15 U.S.C. § 1114)

34. Plaintiff hereby repeats and restates each of the allegations set forth in Paragraphs 1 through 33 as if fully set forth herein.

35. Plaintiff owns valid and protectable rights in Plaintiff's marks, as shown by its trademark registration and longstanding, continuous use of Plaintiff's mark ENDURANCE in commerce.

36. Defendant's use of the ENDURANCE mark to provide goods and services in interstate commerce is causing confusion as to the source of the parties' respective goods and services.

37. Plaintiff has suffered, and will continue to suffer, irreparable harm, caused by Defendant's infringement.

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor and against Defendant by:

(a) Permanently enjoining Defendant, its officers, agents, employees, attorneys, parents, subsidiaries, and related companies from using the mark ENDURANCE, ENDURANCE HOME WARRANTY, and any other trademark or service mark confusingly similar to Plaintiff's marks, on or in connection with the sale of warranties.

(b) Ordering Defendant to change its company name to another name not confusingly similar to Plaintiff's marks.

(c) Enjoining Defendant from using its domain name <endurancehomewarranty.com> and transfer such domain name to Plaintiff.

(d) Enjoining Defendant from using any other domain name containing Plaintiff's marks or any other confusingly similar mark.

(e) Ordering Defendant to account for and pay over to Plaintiff all profits realized by it by reason of its unlawful acts in violation of the Lanham Act, which should be trebled as provided by law for Defendant's willful and wanton conduct.

(f) Entering judgment against Defendant in the amount of Plaintiff's actual damages, including lost profits, resulting from their wrongful conduct, plus pre-judgment interest.

(g) Awarding Plaintiff costs and attorneys' fees as provided by law.

(h) Entering such further relief to which Plaintiff is entitled at law or in equity.

## COUNT II
### (False Designation of Origin under 15 U.S.C. § 1125(a))

38. Plaintiff hereby repeats and restates each of the allegations set forth in Paragraphs 1 through 33 as if fully set forth herein.

39. Defendant uses a designation, namely, ENDURANCE, in interstate commerce in connection with services that are essentially identical to services provided by Plaintiff under Plaintiff's marks.

40. The ENDURANCE mark is so similar to Plaintiff's marks that, when used on or in connection with Defendant's services, members of the consuming public will continue to be confused, mistaken and/or deceived as to the origin, sponsorship, or approval of Defendant's services.

41. In particular, because the marks are so similar, the consuming public may believe that warranty services provided by Defendant are somehow associated with Plaintiff, or vice versa, when in fact there is no connection between Plaintiff and Defendant.

42. Plaintiff has suffered and is likely to continue to suffer irreparable damage due to Defendant's infringement.

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor and against Defendant by:

(a) Permanently enjoining Defendant, its officers, agents, employees, attorneys, parents, subsidiaries, and related companies from using the mark BEST ENDURANCE, ENDURANCE HOME WARRANTY, and any other trademark or service mark confusingly similar to Plaintiff's marks, on or in connection with the sale of warranty services.

(b) Ordering Defendant to change its company name to another name not confusingly similar to Plaintiff's marks.

(c) Enjoining Defendant from using its domain name <endurancehomewarranty.com> and transfer such domain name to Plaintiff.

(d) Enjoining Defendant from using any other domain name containing Plaintiff's marks or any other confusingly similar mark.

(e) Ordering Defendant to account for and pay over to Plaintiff all profits realized by it by reason of its unlawful acts in violation of the Lanham Act, which should be trebled as provided by law for Defendant's willful and wanton conduct.

(f) Entering judgment against Defendant in the amount of Plaintiff's actual damages, including lost profits, resulting from their wrongful conduct, plus pre-judgment interest.

(g) Awarding Plaintiff costs and attorneys' fees as provided by law.

(h) Entering such further relief to which Plaintiff is entitled at law or in equity.

## COUNT III
### (Cybersquatting under 15 U.S.C. § 1125(d))

43. Plaintiff hereby repeats and restates each of the allegations set forth in Paragraphs 1 through 33 as if fully set forth herein.

44. Plaintiff's marks are valid and protectable in accordance with 15 U.S.C. § 1125.

45. Plaintiff's valid and protectable rights in its mark arise from its longstanding and continuous use in interstate commerce as well as the registration certificates Plaintiff has obtained for Plaintiff's marks.

46. Defendant has registered and used the domain name <endurancehomewarranty.com> willfully and with a bad faith intent to profit from the inclusion of Plaintiff's marks in the domain name. Specifically, the inclusion of the distinctive mark ENDURANCE in its entirety into the domain name demonstrates the bad faith intent to prey upon the goodwill that Plaintiff has established in Plaintiff's marks.

47. Use of Plaintiff's ENDURANCE mark within the domain name demonstrates Defendant's intent to divert consumers of warranty services from Plaintiff's website to Defendant's site located at the domain name <endurancehomewarranty.com>, where there is a website that prominently displays the infringing mark ENDURANCE used in connection with services that are virtually identical to those Plaintiff provides.

48. The domain name is identical or confusingly similar to Plaintiff's mark ENDURANCE. The ENDURANCE mark appears in its entirety within the domain name <endurancehomewarranty.com>, and the generic top level domain ".com" does not eliminate the confusing similarity.

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor and against Defendant by:

(a) Permanently enjoining Defendant, its officers, agents, employees, attorneys, parents, subsidiaries, and related companies from using the mark ENDURANCE, as well as any other trademark or service mark confusingly similar to Plaintiff's marks, on or in connection with the sale of warranty services on any internet website.

(b) Enjoining Defendant from using its domain name <endurancehomewarranty.com> and transfer such domain name to Plaintiff.

(c) Enjoining Defendant from using any other domain name containing Plaintiff's marks or any other confusingly similar mark.

(d) Ordering Defendant to account for and pay over to Plaintiff all profits realized by it by reason of its unlawful acts in violation of the Lanham Act, which should be trebled as provided by law for Defendant's willful and wanton conduct.

(e) Entering judgment against Defendant in the amount of Plaintiff's actual damages, including lost profits, resulting from their wrongful conduct, plus pre-judgment interest.

(f) Awarding Plaintiff statutory damages for Defendant's cybersquatting.

(g) Awarding Plaintiff costs and attorneys' fees as provided by law.

(h) Entering such further relief to which Plaintiff is entitled at law or in equity.

## COUNT IV
**(Violation of the Illinois Deceptive Trade Practices Act (815 ILCS 510/1 *et seq.*))**

49. Plaintiff hereby repeats and restates each of the allegations set forth in Paragraphs 1 through 33 as if fully set forth herein.

50. Plaintiff owns valid and protectable rights in Plaintiff's marks, as shown by its trademark registration and longstanding, continuous use of Plaintiff's mark ENDURANCE in commerce.

51. On June 13, 2018, Plaintiff sent a letter to Defendant explaining that Defendant was infringing on Plaintiffs mark by advertising for warranties under a company name, trademark, and website that consists of the ENDURANCE mark. Plaintiff also demanded that Defendant refrain from continuing to use this mark in Defendant's business. *Id.*

52. Despite receiving this letter, Defendant continues use Plaintiff's mark in Defendant's business.

53. Defendant's willful use of the ENDURANCE mark to provide goods and services in interstate commerce is causing confusion as to the source of the parties' respective goods and services.

54. This likelihood of confusion also extends to confusion in the minds of the consuming public as to whether Plaintiff is affiliated with, sponsors, approves, or otherwise certifies any aspect of Defendant's goods and services, which Plaintiff does not.

55. Plaintiff has suffered and will continue to suffer an actual injury due to this likelihood of confusion in the form of lost profits due to customer diversion and loss to good will.

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor and against Defendant by:

(a) Permanently enjoining Defendant, its officers, agents, employees, attorneys, parents, subsidiaries, and related companies from using the mark BEST ENDURANCE, ENDURANCE HOME WARRANTY, and any other trademark or service mark confusingly similar to Plaintiff's marks, on or in connection with the sale of warranty services.

(b) Ordering Defendant to change its company name to another name not confusingly similar to Plaintiff's marks.

(c) Enjoining Defendant from using its domain name <endurancehomewarranty.com> and transfer such domain name to Plaintiff.

(d) Enjoining Defendant from using any other domain name containing Plaintiff's marks or any other confusingly similar mark.

(e) Awarding Plaintiff costs and attorneys' fees as provided by law.

(f) Entering such further relief to which Plaintiff is entitled at law or in equity.

## COUNT V
### (Unfair Competition under Illinois Common Law)

56. Plaintiff hereby repeats and restates each of the allegations set forth in Paragraphs 1 through 33 as if fully set forth herein.

57. By using the ENDURANCE mark and the domain name <endurancehomewarranty.com> in interstate commerce, in a marketplace shared with Plaintiff, Defendant has intended to deceive the consuming public into believing there is some association, or affiliation between the parties, when in fact there is none.

58. Defendant's actions are calculated to deceive ordinary buyers making purchases under the ordinary conditions which prevail in the particular trade to which this controversy relates.

59. Defendant's use of the ENDURANCE mark and the domain name <endurancehomewarranty.com> in interstate commerce is highly likely to deceive, and in fact is already deceiving, the consuming public into believing that some association exists between Plaintiff and Defendant and the respective goods and services they offer, when no association actually exists.

60. Plaintiff has suffered and is likely to continue to suffer irreparable damage due to Defendant's unfair competition.

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor and against Defendant by:

(a) Permanently enjoining Defendant, its officers, agents, employees, attorneys, parents, subsidiaries, and related companies from using the mark ENDURANCE, as well as any other trademark or service mark confusingly similar to

Plaintiff's marks, on or in connection with the sale of warranty services, including on any internet website.

(b) Enjoining Defendant from using its domain name <endurancehomewarranty.com> and transfer such domain name to Plaintiff.

(c) Enjoining Defendant from using any other domain name containing Plaintiff's marks or any other confusingly similar mark.

(d) Ordering Defendant to account for and pay over to Plaintiff all profits realized by it by reason of its unlawful acts in violation the common law of Illinois.

(e) Entering judgment against Defendant in the amount of Plaintiff's actual damages, including lost profits, resulting from their wrongful conduct, plus pre-judgment interest.

(f) Entering such further relief to which Plaintiff is entitled at law or in equity.

Respectfully submitted,

Endurance Warranty Services, LLC

By:    Edward D. Shapiro
*One of its Attorneys*

Edward D. Shapiro ARDC 6226069
(eshapiro@muchlaw.com)
Evan D. Brown ARDC 6277187
(ebrown@muchlaw.com)
Daniel A. Hantman ARDC 6312997
(dhantman@muchlaw.com)
Much Shelist, P.C.
191 N. Wacker Drive
Suite 1800
Chicago, IL 60606
Phone: 312-521-2000